UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Sophia M. Adams

     v.                                      Civil No. 13-cv-509-JD
                                                 Opinion No. 2014 DNH 165
Bank of New York Mellon and
Bank of America, N.A.
d/b/a BAC Home Loans Servicing, LP


O R D E R

On October 5, 2011, Sophia M. Adams filed an ex parte petition in state court to enjoin Bank of New York Mellon from conducting a foreclosure sale of her home.  The state court granted the requested injunction.  Two years later, in November of 2013, the state court granted Adams's motion to amend to add Bank of America as a defendant and to allege claims that the defendants breached their obligations under a settlement entered in a class action law suit that is unrelated to this case.[1]  The defendants removed the case to this court on November 22, 2013.

After several extensions of time were granted for filing their answer, the defendants filed a motion to dismiss on June 24, 2014.  In response, Adams filed a motion for an extension of time to file a motion for leave to amend her complaint.  The defendants object.

---

[1]Adams did not cite the case in which the settlement was entered, but she apparently intended to rely on the National Mortgage Settlement that is memorialized in consent judgments with five defendant banks in United States v. Bank of Am. Corp., No. 12-cv-361-RMC (D.D.C. Apr. 4, 2012).

I.  Motion for an Extension of Time to File a Motion for Leave to
Amend the Amended Complaint

In her motion, Adams concedes that, as the defendants argue
in their motion to dismiss, she lacks standing to bring the only
claim alleged in her amended complaint, which seeks to enforce
the terms of the National Mortgage Settlement.[2]  She asks the
court to defer ruling on the defendants' motion to dismiss for
thirty days to give her time to file a motion for leave to file
an amended complaint.  Adams acknowledges that "significant time
has passed" in this case but explains that the parties had been
attempting to reach a resolution.  The defendants object to the
motion on the grounds of undue delay and prejudice.

Adams, who is represented by counsel, has not proceeded with
due diligence in this case, which is now almost three years old.
Although the parties apparently were pursuing settlement, which
was the basis for repeated extensions of time for the defendants
to file their answer, that activity did not preclude Adams from
reviewing the viability of her claim.  Indeed, the likelihood of
a plaintiff's success is often a topic discussed for settlement
purposes.

As the defendants point out, cases holding that non-parties
to the National Mortgage Settlement lack standing to enforce the
its terms had been issued before Adams sought to amend her

---

[2]Adams states that she sought leave to amend her complaint
the first time, in August of 2013, because claims based on the
National Mortgage Settlement had been alleged in other cases.

complaint to assert that claim.  See, e.g., Rockridge Tr. v. Wells Fargo, N.A., 2013 WL 3200631, at *19 (N.D. Cal. June 24, 2013); Reynolds v. Bank of Am., N.A., 2013 WL 1904090, at *10 (N.D. Tex. May 8, 2013); Rehbein v. CitiMortgage, Inc., 937 F. Supp. 2d 753, 761-62 (E.D. Va. 2013); Jurewitz v. Bank of Am., N.A., 938 F. Supp. 2d 994, 997-98 (S.D. Cal. 2013); Fenello v. Bank of Am., N.A., 926 F. Supp. 2d 1342, 1352 n.12 (N.D. Ga. 2013).  In addition, cases decided since Adams filed her amended complaint also hold that non-parties to the consent judgments lack standing to enforce them.  See Frangos v. Bank of Am., N.A., 2014 WL 3699490, at *4 (D.N.H. July 24, 2014); Chaves v. Bank of Am., N.A., 2014 WL 3052491, at *2-*3 (E.D. Tenn. July 3, 2014); US Bank Nat'l Ass'n v. Flores, 2014 WL 2959497, at *4 (S.D. Tex. July 1, 2014); Weston v. Wells Fargo Bank, N.A., 2014 WL 811546, at *4 (W.D. Tex. Feb. 28, 2014).  Adams cites no case with a contrary holding.

     In addition, Adams does not suggest that she has discovered new circumstances or evidence that might give rise to new claims. Instead, Adams simply asserts that individuals in other actions have alleged claims under theories of promissory estoppel, breach of contract, and breach of the duty of good faith and fair dealing, which she believes might be claims available to her. However, she provides no factual basis or even an argument to show that those theories might support viable claims in this case.

The defendants also contend that they would be unfairly prejudiced by another amended complaint.  They argue that because they have already spent the time and resources to respond to Adams's prior pleadings, they should not be required to defend against a third pleading.  In essence, the defendants object to allowing Adams another opportunity to avoid dismissal, based on their pending motion, which will require them to file another motion to dismiss.

Adams provides no persuasive reason to stay the case for thirty days to allow her an opportunity to move for leave to file a second amended complaint.  If she has other viable claims, she should have sought leave to amend long before now.  Her piecemeal approach, in which she appears to change her theory of the case based on what plaintiffs may be alleging in other actions, undermines her request for more time.

Therefore, Adams's motion for an extension of time to file a motion for leave to amend her amended complaint is denied.

## II.  Motion to Dismiss

Adams's only claim in her amended complaint is that Bank of America "breached both its contractual duties of the settlement agreement [the National Mortgage Settlement] and further breached its duty of good faith and fair dealing" when it failed to take certain actions.  The defendants move to dismiss on the ground that Adams lacks standing to bring a claim to enforce the

4

National Mortgage Settlement.  Adams admits that she lacks
standing to pursue her claim alleged in the amended complaint.

Therefore, the motion to dismiss is granted.


<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to dismiss
(document no. 13) is granted.  The plaintiff's motion for an
extension of time (document no. 14) is denied.

The clerk of court shall enter judgment accordingly and
close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

August 5, 2014

cc:  Paul Christopher English, Esq.
     Thomas J. Pappas, Esq.
     William Philpot, Jr., Esq.